* Curia, per
O’Neall, J.
The prisoner has moved, upon various grounds, to arrest the judgment ; the first of which is, that the indictment does not allege that the said Leonard J. Cross was the owner or employer of the said slave. The charge is laid “ one negro slave of Leonard J. Cross.” This is sufficient. For the statute does not make it necessary that the word owner and employer should be used in the indictment, in order to bring the offender within the statutory definitions, which is to “ inveigle, steal, or carry away any slave, so that the owner or employer of the said slave shall be deprived of the use and benefit of the said slave.” It is enough if such words are used as show from whose possession the slave was inveigled, stolen, or carried away, and that this *331 person, who is in law regarded, for the purposes of a case like the present, both as owner and employer, was deprived of the use and benefit of the said slave.

The defendant was hanged.

Bellenger, for the motion. Elmore, Solicitor, contra.
The second ground is, that the charge in the first count of the indictment, that the prisoner inveigled, stole, and carried away the said slave, is repugnant and void. This supposes that at least two distinct offences are charged by the words used ; but this is not necessarily the case. For to inveigle, so that the owner or employer be deprived of the use and benefit of a slave, is to steal and carry away; and although there may be cases of a stealing and carrying away in which there is no inveigling, this does not render a charge in which all are contained, repugnant and void. It only superadds, and the circumstances which must be proved to make out the offence is laid.
The indictment is in the material words of the Act of the Legislature, and this is the well-established rule by which such an indictment is to be framed. (Stark. Crim. Plead. 249.) It conforms, in using all the words of the Act, although they import more offences than one, to the precedent under 7 G. 2, c. 21; Stark. Crim. Plead. 244; and also under the 45 G. 3, c. 89, for forging a bank note, 3 C. C. P. 1049.
The third ground is, because the prisoner is indicted partly under the first, and partly under the second clause of the Act. This supposes that the words “so that the owner or employer be deprived of the use and benefit of the said slave,” applies exclusively to the second clause, and not to the first. This is not so, they apply to both, as will be seen by referring to Covington’s case, 2 Bail. 569.
*Fourth. It was not necessary to allege by what means or how the prisoner aided the negro in running away and departing from the service £>f his master. The fact is charged in the words of the Act : and it would be just as reasonable to ask that the means and manner of inveigling should be stated.
Fifth. If the counts are for distinct and separate offences, it would be no ground on which to arrest the judgment.(a) The prisoner might have asked and compelled the prosecutors to elect on which the case should proceed. Not having done so, the conviction can be applied to either, and on either, enough appears to justify the judgment of death against the prisoner. The facts proved, however, apply to the first count, and to that, the Court is bound to refer the verdict. This is also an answer to the first ground for a new trial. For it is wholly immaterial whether there was or was not any evidence on the second count.
On the second and third grounds for a new trial, it is sufficient to remark, that the evidence of the prisoner’s guilt here, is precisely the same as in Covington’s case, and after the labored examination which it received from my brother Johnson, it cannot be necessary to say any thing more upon the subject.
The motions in arrest of judgment and for a new trial are dismissed.
Johnson and Harper, JJ., concurred.

 3 Stat. 514, 516; 2 Bail. 72.